UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGENETTE BELL,

       Plaintiff,

v.                                                        Case No. 8:18-cv-1296-T-SPF

CIRCLE K STORES INC.,
a foreign profit corporation,

       Defendant.
_____/

## ORDER

This cause is before the Court upon Circle K Stores Inc.'s ("Defendant') Motion for Final Summary Judgment ("Motion") (Doc. 32), and Angenette Bell's ("Plaintiff") response in opposition (Doc. 34). Upon consideration, Defendant's Motion is GRANTED.

## BACKGROUND

On December 21, 2016, Plaintiff slipped and fell on the floor of Defendant's convenience store in Polk City, Florida. Plaintiff testified that on the date of the accident, she was driving with some friends when she asked them to stop at Defendant's convenience store to use the restroom. Dep. Bell at 30:17–24. She then walked into the store and asked a customer for the location of the restrooms. Dep. Bell at 31:13–14, 32:2–9. After Plaintiff left the restroom, she turned a corner, and then slipped and fell on a large puddle of soda, ice, and water near the fountain drink machine. Dep. Bell at 6:1–3, 7:2–8:8; Doc. 32 at 6. Plaintiff further testified that the puddle was there a long time because it had been "trampled through," and that no wet floor cones or warning signs were visible. Dep. Bell at 9:3–15; 6:16–20. Plaintiff testified that as a result of her slip and fall, she suffered injuries to her ankle, back, and neck. Dep. Bell at 23:9–14.

## **STANDARD**

Summary judgment is appropriate if all the pleadings, discovery, affidavits, and disclosure materials on file show there is no genuine disputed issue of material fact, and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a) and (c). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). A fact is material if it may affect the outcome of the case under the governing law. *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir. 1997). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could decide an issue of material fact for the non-moving party. *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, the court must read the evidence and draw all factual inferences in the light most favorable to the non-moving party and must resolve any reasonable doubts in the non-movant's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007).

The non-moving party, however, "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-movant must go beyond the pleadings and "identify affirmative evidence," which creates a genuine dispute of material fact. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England,* 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mtn. Park, Ltd. v. Oliver,* 836 F.2d 1560, 1563 (11th Cir. 1989)). "A mere 'scintilla' of evidence supporting the opposing party's

position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson,* 477 U.S. at 252).

## **DISCUSSION**

To establish a claim of negligence under Florida law, Plaintiff must allege: (1) a duty, (2) breach of that duty, (3) causation, and (4) damages. *See Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012) (citing *Curd v. Mosaic Fertilizer, L.L.C.,* 39 So.3d 1216, 1227 (Fla. 2010) (quotations omitted)). "[E]stablishing the existence of a duty under [Florida's] negligence law is a minimum threshold legal requirement that opens the courthouse doors . . . and is ultimately a question of law for the court rather than a jury." *Williams v. Davis,* 974 So.2d 1052, 1057 n. 2 (Fla. 2007) (citing *McCain v. Florida Power Corp.,* 593 So.2d 500, 502 (Fla. 1992)). To determine the duty of care a defendant owes a plaintiff in slip and fall cases, it is first necessary to establish the plaintiff's status under the doctrine of premises liability. *See Barrio v. City of Miami Beach*, 698 So.2d 1241, 1243 (Fla. 3d DCA 1997)). Where material facts are not disputed, the Court may determine a plaintiff's status as a matter of law. *Id.*

### I.   **Plaintiff's Status on Defendant's Premises**

Under Florida common law, visitors on the property of another "fall within one of three classifications: they are either trespassers, licensees, or invitees." *Post v. Lunney*, 261 So.2d 146, 147 (Fla. 1972) (citing *St. Petersburg Coca-Cola Bottling Co. v. Cuccinello*, 44 So.2d 670 (Fla. 1950)). At issue here is whether Plaintiff was an "uninvited licensee" on Defendant's premises at the time of the accident, as argued by Defendant, or a "public invitee," as argued by Plaintiff.

3

Under Florida law, "an uninvited licensee is a person 'who chooses to come upon the premises solely for his or her own convenience.'" *Barrio*, 698 So.2d at 1243 (citing *Wood v. Camp,* 284 So.2d 691, 695 (Fla. 1973)). An uninvited licensee's presence is neither sought nor forbidden, but merely permitted or tolerated by the owner. *Bishop v. First National Bank*, 609 So. 2d 722, 725 (Fla. 5th DCA 1972); *Iber v. R.P.A. Intern. Corp.*, 585 So. 2d 367, 368 (Fla. 3d DCA 1991). An uninvited licensee lies somewhere between an invitee and a trespasser. *Id.* On the other hand, "'[a] public invitee is a licensee on the premises by invitation, either express or reasonably implied, of the owner or controller of the property.'" *Post*, 261 So.2d at 148 (*quoting* Restatement Second of Torts § 332). The key distinction between a public invitee and an uninvited licensee is the existence of an express or reasonably implied invitation to enter the defendant's premises. *See Wood*, 284 So. 2d at 695 (stating that an uninvited licensee does not have either an express or implied invitation of a landowner to enter the premises); *Post*, 261 So.2d at 148 (abandoning "the 'mutual benefit test' or the 'economic benefit test'" and adopting the "invitation test" to determine an invitee status). An "invitation" to enter land or premises exists when:

> the occupier by his arrangement of the premises or other conduct has led the entrant to believe that the premises were intended to be used by visitors for the purpose which this entrant was pursuing, and that such use was not only acquiesced in by the owner or possessor, but that it was in accordance with the intention and design with which the way or place was adopted or prepared.

*Smith v. Montgomery Ward & Co.*, 232 So. 2d 195, 198 (Fla. 4th DCA 1970); *Iber,* 585 So. 2d at 369 (an "invitee status turns upon the coexistence of two factors . . . : (1) The landowner must so conduct his activities on his property, by way of carrying out his business or arranging his premises, that (2) it reasonably appears to the person coming onto them that he has been

4

welcomed or invited there for the visitor's intended purpose and is therefore entitled to expect that the owner has taken reasonable care for his safety") (citation omitted)). An invitation may be based on an economic benefit to the property owner, but an economic benefit is not regarded as essential. *Smith*, 232 So. 2d at 198.

Plaintiff testified at her deposition that she entered Defendant's premises with the sole purpose of using the restroom. Defendant asserts that because Plaintiff entered the premises only for her own convenience, Plaintiff should be classified as an uninvited licensee. (Doc. 32 at 4). Plaintiff counters that Defendant's facilities are open to the public, including the restrooms, to attract potential customers to its store (Doc. 34 at 6). Therefore, Plaintiff argues that as a member of the public, she meets the definition of a public invitee.

Plaintiff argument is unpersuasive. While structures open to the public, such as a retail store or a hotel, may give the public a reason to believe that the owner wants them on the property, courts have found that an individual entering the property for a purpose that serves only his or her personal convenience cannot reasonably believe that the owner has asked him or her to come onto the property for that specific reason. *See Iber,* 585 So. 2d at 369; *Smith,* 232 So. 2d at 199 ("It is common knowledge that the open door of a business place . . . constitutes an invitation to the public generally to enter. Guests that enter under these conditions are in the status of invitees . . . . Manifestly, nothing herein implies that a trespasser or a mere licensee who enters the premises on a personal errand for his own advancement or his own interest or benefit is entitled to the protection due an invitee."). Here, the undisputed facts show that Plaintiff was on Defendant's premises solely to use the restroom. Moreover, Plaintiff fails to support her argument with any affirmative evidence showing that Defendant

5

benefited from the public's use of its restroom. *See Crawford-El,* 523 U.S. at 600 (holding that the non-movant must "identify affirmative evidence" which creates a genuine dispute of material fact); *Ellis,* 432 F.3d at 1326 (holding that "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion"). Acquiescence by Defendant of Plaintiff's use of the restroom does not equal an invitation. *See Smith,* 232 So. 2d at 198; *Bishop*, 609 So. 2d at 725. Based on the undisputed facts, the Court concludes that Plaintiff was an uninvited licensee.

## II. Breach of Duty

A landowner owes an uninvited licensee a duty: (1) to refrain from willful misconduct and wanton negligence, which would injure the licensee, or intentionally exposing the licensee to danger; and (2) to warn the licensee of a defect or condition known to the owner to be dangerous when such danger is not open to ordinary observation by the licensee. *See Barrio*, 698 So. 2d at 1244 (quotations omitted). These duties are separate and distinct. *Mueller v. S. Fla. Water Mgt. Dist.*, 620 So. 2d 789, 790 (Fla. 4th DCA 1993). Defendant argues that it did not breach either duty to Plaintiff because: (1) the existence of liquid on the floor near to the fountain drink machine did not rise to the level of willful or wanton conduct, and (2) the floor condition, as described by Plaintiff, would have been open to ordinary observation.

### A. Duty to Refrain from Willful and Wanton Misconduct

Under Florida premise liability law, a defendant's conduct raises to the level of willful and wanton misconduct when the conduct "is in reckless disregard of the safety of another." *Dyals v. Hodges*, 659 So. 2d 482, 484–85 (Fla. 1st DCA 1995). Conduct is "in reckless disregard of the safety of another" when:

> The actor . . . does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

*Id.* (quoting the Restatement Second of Torts § 500 definition of reckless disregard as the applicable standard in premises liability cases); *see also Boyce v. Pi Kappa Alpha Holding Corp.*, 476 F.2d 447, 452 (5th Cir. 1973) (stating that conduct raises to the level of willful and wanton misconduct, when "(1) the actor . . . ha[s] knowledge, actual or constructive, of the likelihood that his conduct will cause injury to other persons or property; and (2) the conduct . . . indicate[s] a reckless indifference to the rights of others, that is, conduct which may be termed equivalent to an intentional violation of those rights"). Willful and wanton negligence may be of two types: "(1) [conduct] involving an affirmative act by the defendant; and (2) [conduct] involving a failure to act, or an act of omission, by a passive defendant." *Id.* In cases involving a defendant's failure to act, as the case at hand, "the conduct of the passive defendant has been held to be willfully and wantonly negligent only if the totality of the circumstances involved warrants such a finding; for example, if the actor knows that injury will likely result from his failure to take steps to correct a known danger on his property." *Id.*

Plaintiff argues that a reasonable jury could find that by "leaving a large puddle on the floor unattended and without warning for a prolonged period of time," Defendant acted with wanton negligence or intentionally exposed Plaintiff to danger (Doc. 34 at 7). Although there is no evidence that Defendant actually knew of the puddle, Plaintiff's testimony that the puddle had been "trampled through" raises a genuine issue of fact as to whether Defendant had constructive knowledge of the defective condition on its property. *See Garcia v. Wal-Mart*

7

*Stores East, L.P.*, No. 6:14-cv-255-Orl-40TBS, 2015 WL 898582, at *2 (M.D. Fla. Mar. 3, 2015) (noting that evidence of deterioration supports a finding of constructive knowledge of a defective condition). Failure to act in the face of knowledge of a defective or dangerous condition, however, is not enough to make Defendant's conduct reckless. *See* Restatement Second of Torts § 500, cmt. g (noting that reckless misconduct differs from negligence, "in that reckless misconduct requires a conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man"). In *Boyce,* the court reversed a jury verdict in favor of a plaintiff who argued that the defendant was liable for wanton and willful misconduct when it failed to provide lighting, fencing, and a warning that the pool on its property was partially empty, resulting in serious bodily injury to the plaintiff. The appellate court found that the trial court erred in submitting the issue of willful and wanton negligence to the jury because the facts did not support a conclusion that the defendant "had a design, purpose, or intent to cause the injury . . . or that there was a knowing and intentional failure on defendant's part to perform such acts as might have prevented the injury." *Boyce,* 476 F.2d at 447. By contrast, the court in *Dyals* found a genuine issue of material fact as to whether the defendant acted with reckless disregard to the safety of others, when he intentionally maintained tree stumps behind a fence, causing the death of a motorist, despite the defendant's prior experiences with other motorists having accidents at the same site. *Dyals*, 659 So. 2d at 486. Unlike the record in *Dyals*, here there is no evidence of a previous slip and fall on Defendant's premises or any other evidence suggesting that Defendant intentionally failed to clean the puddle knowing that an injury was likely to occur as a result. Therefore,

the Court finds that as a matter of law Defendant has not breached its duty to refrain from willful and wanton misconduct.

### B. Duty to Warn

"A landowner must exercise reasonable care to warn uninvited licensees of all hidden perils which are unknown to the licensee but are known to the landowner." *Zipkin v. Rubin Const. Co.*, 418 So. 2d 1040, 1044 (Fla. 4th DCA 1982); *see also Bishop*, 609 So. 2d at 725–26 (noting that a duty to warn arises only when a defect or condition known to the landowners to be dangerous is not open and obvious to an uninvited licensee). The "open and obvious" doctrine recognizes that owners and occupiers should be able to assume that licensees will perceive dangers which would be obvious to them through the ordinary use of their own senses. *See Portuondo v. Wal-Mart Stores E., LP.*, No. 17-20419-CV, 2017 WL 8809630, at *2 (S.D. Fla. Dec. 20, 2017) (citing *Krol v. City of Orlando*, 778 So. 2d 493 (Fla. 5th DCA 2001)). Plaintiff testified that she fell due to soda, ice, and water on the floor. She described this area as a large puddle with ice and wet brown sticky stuff that looked like Coke and testified that the puddle was there a long time because it had been "trampled through." While this testimony suggests that the puddle might be an open and obvious condition, she also testified that the puddle was located around a corner, which apparently prevented her from noticing the puddle. Dep. Bell at 6:1–3. Based on this testimony, the Court finds that a reasonable jury could find that although the puddle was large, the location of the puddle was such that it was not open and obvious to Plaintiff.

Even if the puddle was not open and obvious, the Court must also determine whether Defendant knew of the condition. *Zipkin*, 418 So. 2d at 1044 ("Superior knowledge of the

9

danger [by Defendant] is essential before there is a duty to warn"). Allegations that a defendant should have known of the defective condition on its property are not enough to trigger a defendant's duty to warn.[1] *See Britz v. LeBase*, 258 So. 2d 811, 813 (Fla. 1971) ("It was not enough for the plaintiffs to show that [the defendant] [s]hould have known of the danger. To avoid a directed verdict, the plaintiffs had to produce [s]ome evidence that the defendants had [a]ctual knowledge of the condition");[2] Restatement Second of Torts § 342 (1965) (noting that a licensee is entitled to expect disclosure of defective conditions in property he is entering, in so far as those conditions are known to the landowner).[3] Here, there is no evidence that Defendant had actual knowledge of the existence of the puddle on its property or prior falls from puddles at that location. *See Bishop*, 609 So. 2d at 726 (finding that a defendant did not breach its duty to warn an uninvited licensee, who swung from a rope and jumped into a river located in the defendant's property injuring his head with underwater debris, when there was no evidence of any prior accidents of a similar nature or knowledge by the landowner of a peculiar propensity of the river to carry debris). Consequently, the Court finds that as a matter of law Defendant did not breach its duty to warn Plaintiff about the floor's condition.

---

[1] By contrast, the duty owed to a "business invitee" includes "the duty to warn of perils that were known *or should have been known* to the owner and which the invitee could not discover." *Denson v. SM-Planters Walk Apartments*, 183 So. 3d 1048, 1050 (Fla. 1st DCA 2015) (emphasis added); *Rocamonde v. Marshalls of Ma, Inc.,* 56 So.3d 863, 865 (Fla. 3d DCA 2011).

[2] *Britz* addressed the liability of property owners toward social guests at a time when social guests were considered licensees. Although, the Florida Supreme Court subsequently erased any distinction between social guests and public invitees, the Court did not alter the duty of care owed to a licensee. *See Wood,* 284 So. 2d at 695.

[3] Several courts have noted that the duty to warn is consistent with the Restatement Second of Torts § 342. *See Morris v. Florentes, Inc.*, 421 So. 2d 582, 584 (Fla. 5th DCA 1982); *Florida East Coast Ry. Co. v. Pickard*, 573 So. 2d 850 (Fla. 1st DCA 1990).

## CONCLUSION

Upon due consideration of the parties' arguments and briefs, the Court finds no genuine issue of material fact as to whether Defendant breached any duty owed to Plaintiff. Accordingly, it is hereby

ORDERED:

1. Defendant's Motion for Summary Judgment (Doc. 32) is GRANTED.

2. The Clerk of Court is directed to enter judgment in favor of the Defendant, terminate all pending motions, and close the case.

ORDERED, in Tampa, Florida, on October 15, 2019.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE